**SEROTKIN v. KRAUSE.**
Civ. No. 6494.

District Court, E. D. Pennsylvania.
Nov. 10, 1947.

Michael Serody and Jacob Weinstein, both of Philadelphia, Pa., for plaintiff.

Nathaniel Speck and Clinton A. Sowers, both of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

1. Prior to the 1st day of March, 1942, defendant, Irene Krause, operated and conducted an apartment house in premises 740 N. 20th Street, Philadelphia, Pennsylvania.

2. Premises 740 N. 20th Street, Philadelphia, on the 1st day of March, 1942, and at the time of institution of suit herein, were located within the Philadelphia-Camden Defense Rental Area, as the same was defined and located by certain Acts of Congress, Orders and Regulations promulgated thereunder, to enforce the same, more specifically intended identified and described as Sections 4(a) and 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, §§ 904(a) and 925(e), Act of January 30, 1942, 56 Stat. 28, hereinafter referred to as the Act, and Section 2, 4(a) 10 of Maximum Rent Regulation Number 28 (32 Fed. Register, CXI, part 1388, Sections 1388.1802, 1388.1804, 1388.1810) promulgated and established for the Philadelphia-Camden Defense Rental Area and within the territorial jurisdiction of this Court.

3. Premises 740 N. 20th Street, Philadelphia, were so constructed or divided as to make or constitute distinct apartments.

4. On the 1st day of March, 1942, plaintiff and his wife, as tenant of defendant, occupied the third floor front apartment of and in the aforesaid premises.

5. On the 1st day of March, 1942, the rent agreed upon by plaintiff and defendant for the apartment and paid to the defendant-landlord was $10 per week.

6. Plaintiff and his wife continued to occupy the apartment from the 1st day of March, 1942, until the 31st day of December, 1942.

7. For the period commencing March 1, 1942 and ending December 31, 1942, plaintiff paid to defendant the weekly rent of $10, which was received personally by defendant or employees authorized by her to receive the same.

8. Shortly prior to the 1st day of January, 1943, defendant raised plaintiff's rent to $11 per week. From the 1st day of January, 1943, until on or about the 1st day of January, 1945, as rental for the apartment, plaintiff paid to the defendant, $11 per week.

9. Shortly prior to the 1st day of January, 1945, defendant raised plaintiff's rent to $55 per month. From the 1st day of January, 1945 until on or about the 15th day of May, 1946, plaintiff paid to defendant or her authorized employees $55 per month.

10. Plaintiff and his wife, on or about the 15th day of May, 1946, terminated the said tenancy by moving from the said third floor apartment.

11. All the rental due and owing by plaintiff by reason of his tenancy for the period beginning from the 1st day of March, 1942 and ending on or about the 15th day of May, 1946, was fully paid by plaintiff to defendant or to her employees

authorized by her to receive the same, and at the time of vacation of the said premises by plaintiff on the last mentioned date, plaintiff was in no manner indebted to defendant on that account.

12. Defendant failed and neglected to register the rental payable or reserved for or upon the apartment occupied by the plaintiff with the Office of Price Administration.

13. No part of the rent paid by plaintiff to defendant or her authorized employees during the period beginning the 1st day of March, 1942 and ending on or about the 15th day of May, 1946, was ever repaid or offered to be repaid by the defendant to the said plaintiff.

## Conclusions of Law

1. This Court has jurisdiction of this action.

2. The ceiling or maximum legally authorized rental for the apartment occupied by the plaintiff during and throughout the period beginning the 1st day of March, 1942 and ending the 15th day of May, 1946, was $10 per week.

3. The ceiling or maximum legally authorized rental payable by plaintiff for the apartment occupied by him, to defendant, for the period beginning the 1st day of January, 1943 and ending the 31st day of December, 1944 comprising 104 weeks was $1,040, and plaintiff paid for that period to defendant the sum of $1,144.

4. The ceiling or maximum legally authorized rental payable by plaintiff for the apartment occupied by him to defendant for the period beginning the 1st day of January, 1945 and ending the 30th day of April, 1946, comprising 68 weeks was $680, and plaintiff paid defendant for that period the sum of $880.

5. In consequence of the excessive and illegal payments aforesaid defendant received from plaintiff the aggregate sum of $304.

6. However, under 50 U.S.C.A. Appendix, § 925(e) plaintiff can recover only for overcharges in the year prior to the commencement of this action. This amounts to $90.

7. Plaintiff is awarded an attorney's fee of $50.

8. Judgment should be awarded in favor of the plaintiff and against the said defendant in the sum of $140 with lawful costs.